UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 12-230-DLB-HAI

JACK COMBS and ROSEMARY COMBS                             PLAINTIFFS

vs.            ORDER ADOPTING REPORT & RECOMMENDATION

ICG HAZARD, LLC, et al.                                   DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the Report and Recommendation ("R&R") of the United States Magistrate Judge wherein he recommends that Plaintiffs' Motion to Remand be granted and Plaintiffs' Motion for an Award of Attorney's Fees and Costs be denied (Doc. # 23).  No objections to the Magistrate Judge's R&R have been filed, and the time do so has now expired.  Thus, the R&R is ripe for this Court's consideration.

Plaintiffs Jack and Rosemary Combs, citizens of Kentucky, originally filed this action in Perry Circuit Court on October 17, 2012 against ICG Hazard, LLC, Arch Coal, Inc., and Fred Fields.  Defendants subsequently removed this suit to this Court on November 20, 2012 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In their notice of removal, Defendants contend that this Court has diversity jurisdiction over the controversy pursuant to 28 U.S.C. § 1332 because the properly joined Defendants are diverse from Plaintiffs, and the amount in controversy exceeds $75,000.00.  According to Defendants, ICG Hazard, LLC and Arch Coal are properly joined parties, and each are residents of Delaware and Missouri.  Defendants acknowledge that Jack Fields is a resident of Kentucky; however

1

they assert that he was fraudulently joined and his citizenship should, therefore, be disregarded for diversity jurisdiction purposes. Finally, Defendants contend the jurisdictional amount is satisfied when the Court considers the sum of the compensatory and punitive damages sought, along with the costs Defendants would sustain if injunctive relief were granted.

On December 17, 2012, Plaintiffs filed a Motion to Remand to Perry Circuit Court, along with a Motion for Attorney's Fees and Costs to compensate Plaintiffs for the "wrongful removal of this case." (Doc. # 8). Plaintiffs assert that Jack Fields is properly joined as a defendant in this matter, and that his Kentucky citizenship destroys diversity. According to Plaintiffs, they have pled viable state-law claims for assault, battery, trespass, strict liability, negligence, and vicarious liability against Fields. Additionally, Plaintiffs argue that Defendants failed to establish the amount in controversy requirement by a preponderance of the evidence.

On February 11, 2013, this Court referred Plaintiffs' Motion to Remand and Motion for Attorney's Fees and Costs to Magistrate Judge Hanly A. Ingram pursuant to 28 U.S.C. § 636(b)(1)(A) for review and preparation of an R&R. After careful consideration of the parties' respective arguments, the Magistrate Judge issued his R&R on March 1, 2013, concluding that Fields was not fraudulently joined because the Plaintiffs pled colorable claims of assault, battery, trespass and strict liability against Fields. Additionally, the Magistrate Judge found that Defendants have failed to establish the jurisdictional amount-in-controversy requirement by a preponderance of the evidence. As a result, the Magistrate Judge recommends that this Court remand this matter to Perry Circuit Court. However, the Magistrate Judge also recommends that Plaintiffs' Motion for Attorney's Fees

be denied as he could not say that Defendants' removal of this matter lacked an objectively reasonable basis.

Having reviewed the Magistrate Judge's thorough and well-reasoned R&R, the Court concurs in the recommended disposition of Plaintiffs' motions. Plaintiffs have pled colorable claims of assault, battery, trespass and strict liability against Defendant Fields under Rule 8.01, Kentucky Rules of Civil Procedure. As a result, Defendant Fields was not fraudulently joined, and his citizenship must therefore be considered for purposes of determining whether the Court has diversity jurisdiction. Because Plaintiffs and Defendant Fields are each citizens of Kentucky, there is not complete diversity between the parties. Additionally, as the Magistrate Judge concluded, Defendants have failed to establish the amount-in-controversy requirement by a preponderance of the evidence. Therefore, the Court cannot exercise subject-matter jurisdiction over this case under 28 U.S.C. § 1332. Finally, although the Court concludes that this case was improperly removed, the Court agrees that Defendants removed the case in good faith and with an objectively reasonable basis. Under these circumstances, Defendants are not responsible for Plaintiffs' attorneys fees and costs. Accordingly,

**I T IS ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation (Doc. # 23) is hereby **ADOPTED** as the Opinion of the Court;

(2) Plaintiffs' Motion to Remand and for an Award of Attorney's Fees and Costs (Doc.# 8) is hereby **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' Motion to Remand is hereby **GRANTED**, and Plaintiffs' Motion for an Award of Attorney's Fees and Costs is hereby **DENIED**; and

(3)     This matter is hereby **REMANDED** to the Perry Circuit Court and **STRICKEN** from the Court's active docket.

This 21st day of March, 2013.



G:\DATA\ORDERS\London\2012\12-230 Order adopting R&R and remanding to Perry Circuit Court.wpd